**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOHN DOE, individually as parent　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
and next friend to Jane Doe, a minor

v.　　　　　　　　　　　　　　No. 4:17CV00359 JLH

DARDANELLE SCHOOL DISTRICT　　　　　　　　　　　　　　　　　　　　　DEFENDANT

**OPINION AND ORDER**

The plaintiff John Doe sued Dardanelle School District on behalf of himself and his minor daughter, Jane Doe. The complaint alleges that Jane Doe was sexually assaulted by another student and that the District did not take proper measures to protect her. The plaintiff subsequently learned of an insurance policy issued to the District and now moves to amend the complaint to add a negligence claim directly against the District's insurance provider. The plaintiff asks for a continuance if the new party is added. The plaintiff also seeks to add a claim arguing that Arkansas Code Annotated § 21-9-301, which makes school districts "immune from liability and from suit for damages except to the extent that they may be covered by liability insurance," violates Article 2, Section 13 and Article 5, Section 32 of the Arkansas Constitution. The plaintiff last seeks leave to substitute Jane Doe as the named plaintiff now that she has reached the age of majority.

The Arkansas Supreme Court has addressed and rejected the contention that section 21-9-301 violates Article 2, Section 13 and Article 5, Section 32, of the state constitution. *White v. City of Newport*, 326 Ark. 667, 672, 933 S.W.2d 800, 803 (1996). "[T]he construction of a state constitution or statute by the highest court of that state is absolutely conclusive upon the federal judiciary." *Knight v. Shelton*, 134 F. 423, 437 (E.D. Ark. 1905). Amending the complaint to add a claim challenging the statute's constitutionality under the Arkansas Constitution would be futile.

Arkansas law allows direct causes of action against liability insurers of school districts where the school district's negligence has harmed another and the school district is immune from tort suit. Ark. Code Ann. § 23-79-210. The statute makes the insurer directly liable to the injured person where the actual tortfeasor is immune from suit. *Id.* § 23-79-210(a)(3). According to an exhibit to the school district's response to the motion to amend, the insurance policy contains the following exclusion:

> Any **claim** or **suit** alleging **Sexual Abuse and Molestation**, including but not limited to any allegation that an Insured negligently recklessly or intentionally employed, investigated, supervised or retained any person who allegedly or actually committed such acts, or any alleged practice, policy or custom, including any violation of a civil right, that gave rise to, caused, or resulted in such **Sexual Abuse and Molestation**. Provided, however, this exclusion shall not apply to **claims expenses** incurred in a **claim** alleging **Sexual Abuse and Molestation** if and to the extent that:
>
> 1. such **claim** results in a final adjudication authoritative decision against all such Insureds that no **Insured** is liable for or committed such **Sexual Abuse and Molestation**; and
> 2. such Insured was indemnified for such **claims expenses** by the Named Insured.

The plaintiff does not contest the statement that the policy contains this exclusion. Absent some reason to doubt that the policy contains this exclusion, the plaintiff's proposed amendment to add a direct claim against the insurer is futile.

The plaintiff's motion is GRANTED IN PART and DENIED IN PART. Document #19. The plaintiff will be permitted to substitute Jane Doe as a plaintiff. Leave to add the insurance provider as a party and to assert two additional claims is denied.

IT IS SO ORDERED this 6th day of July, 2018.

*J. Leon Holmes*
―――――――――――――――――――
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE