# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JANE DOE                                                                                          PLAINTIFF

v.                                            No. 4:17CV00359 JLH

DARDANELLE SCHOOL DISTRICT                                                       DEFENDANT

## OPINION AND ORDER

Jane Doe was a student in the Dardanelle School District until her recent graduation. She alleges that while she was a student another student sexually assaulted her on two separate occasions. She sued the District under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, and under 42 U.S.C. § 1983. The District has moved for summary judgment on both claims.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be

drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id.*

Doe complains of two incidents.[1] The first happened during the first semester of the 2014 school year when Doe was in ninth grade. She was playing kick ball in physical education class when a male student ran into her and called her a "bitch." Document #14-5 at 51. In running into her, the boy's upper arm hit her breast. *Id.* She says that he did not grab her. *Id.* at 67. Doe says that this was the first adverse interaction she had with that student and the only one in her ninth-grade year. *Id.* at 56-57. After the incident, Doe told her English teacher as well as the school principal, Marcia Lawrence. Doe says that she told Lawrence that the student "called [her] the 'B' word and hit [her]." *Id.* at 58. Doe says that Lawrence said that she would talk to the male student and then sent Doe back to class. *Id.* at 60.

Lawrence testified that she reassured Doe, talked to her about two or three things, told Doe that she was going to refer the matter to the assistance principal, Lynn Balloun, who is a male and ask him to talk to the male student, and told Doe that she should immediately come back and report and further issues. Document #14-2 at 18. Balloun testified that he questioned the male student extensively and counseled the student sternly in the presence of a school counselor. Document #14-3 at 13, 17. Balloun memorialized the meeting with the male student as follows: "Complaint by

---

[1] The District says that Doe's current accounts of these incidents are very different from and more egregious than her contemporaneous accounts, but as required by the summary judgment standard, the Court will view the evidence in the light most favorable to Doe and recount the incidents as she now reports them.

[Doe] that [the male student] has been trying to touch her inappropriately. It evidently has happened several times. Counseled [the male student] that if it happened again he would have to deal w/ the [student resource officer]. He did not deny it." Document #42-14.

The second incident happened on October 26, 2015, when Doe was in tenth grade and involved the same male student. The two students had home economics together. Document #14-5 at 68. Students were not assigned seats by the teacher; they could select their seats themselves. *Id.* Doe and the male student selected seats at the same table next to each other. *Id.* Does says that while she was in home economics watching a movie, the male student "reached his hand up [her] shorts and touched [her]," tried "to make [her] touch him down there," and "tried to grab [her] boob and then grabbed it." *Id.* at 93. Doe left the classroom and reported the incident to Lawrence. *Id.* at 91. Doe says that Balloun was also in Lawrence's office when she reported the male student's assault. *Id.* at 92. Doe recalls Lawrence saying, "I will talk to him about that. That's not going to happen." *Id.*

Lawrence testified that Doe did not report that the male student put his hand in her shorts and touched her; she remembers Doe telling her that the male student tried to put Doe's hand on his groin and tried to touch Doe's breast. Document #14-2 at 25; Document #14-9. Upon receiving this report she told Doe that action more severe than being counseled would be taken against the male student. Document #14-2 at 25. She says she asked Doe if she wanted to be removed from the class but that Doe said she liked the class and wished to stay. *Id.* at 26. Lawrence says that she told Doe that she would speak with the home economics teacher, that she would ensure different seating arrangements, and that she would instruct the teacher not to pair Doe and the male student up for any class work. *Id.* Lawrence says that she recommended that Doe speak with a counselor but that

3

Doe refused. *Id.* In light of Doe's refusal, Lawrence says that she asked a counselor to come to her office and Doe recounted the event again, this time with both Lawrence and the counselor. *Id.* at 26-27. The counselor confirmed this account. Document #14-12 at 10.

The day of the incident, Lawrence issued a disciplinary referral of the male student to Balloun. Document #14-2 at 27. Lawrence directed the teacher to separate Doe and the male student, and Doe was moved to a different seat. Document #14-11 at 16; Document #14-5 at 96. Lawrence also discussed the incident with the teacher and instructed her "about keeping a light on, or making sure there was a lamp that was a little bit brighter in the classroom." Document #14-11 at 17.

Balloun wrote a memo dated October 26, 2015, in which he documents the action he took in response to Lawrence's referral. Document #14-8. The report states that Balloun spoke with the male student in the presence of the school's police officer because "[i]t had been reported once again by [Doe] that [the male student] had touched her in an inappropriate manner." *Id.* It describes the male student's very different account and ends by noting that the officer and Balloun warned the male student "not to let himself be put in a position where there was any question." *Id.* Balloun said that following the second incident he "tried to pay particular attention, as it was warranted, to [the male student]" and Lawrence tried "to keep an eye on [Doe]." Document #14-3 at 17. Lawrence testified that other than questioning by Balloun and the school police officer, no disciplinary action was taken against the male student. Document #14-2 at 34. She said that the student vehemently denied Doe's account and that "it was very much a he said she said situation." *Id.*

Doe did not tell her parents about the October 2015 incident after it happened because she feared they would not believe her. Document #14-5 at 98. She eventually told them months later.

4

*Id.* at 101. In April 2016, Doe's parents confronted Lawrence and Balloun about the District's handling of the October 2015 incident. Lawrence explained that she did not know the incident involved the male student reaching inside Doe's shorts and touching her. Document #14-2 at 44. Doe also testified that Lawrence told her parents that Lawrence did not "recall [Doe] telling us that that happened." Document #14-5 at 102. After the meeting with Doe's parents, Lawrence says that she immediately reported the sexual assault to a hotline and turned the matter over to the police. Document #14-2 at 44.

Doe continued to attend school in the District and graduated in May 2018. She did not have any other interactions with the male student or any other similar incidents at the school after the October 2015 assault. Document #14-5 at 96-97. Doe's grade point average in the 2014-15 school year was 2.18; in the 2015-16 school year it was 1.86; in the 2016-17 school year it was 2.73; and in the 2017-18 school year it was 3.00. Document #14-1.

The District may be liable for student-on-student harassment under Title IX and section 1983 if it acted with deliberate indifference. *See Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633, 119 S. Ct. 1661, 1666, 143 L. Ed. 2d 839 (1999) (recognizing a private cause of action for damages under Title IX); *Doe v. Flaherty*, 623 F.3d 577, 584-85 (8th Cir. 2010). The Supreme Court has instructed that the deliberate indifference standard used to establish municipal liability under section 1983 is the same standard used under Title IX. *Davis*, 526 U.S. at 642, 119 S. Ct. at 1671. Under this standard, the District will be liable only if its "own deliberate indifference effectively 'cause[d]' the discrimination." *See id.* at 643, 119 S. Ct. at 1671 (alteration in original) (citation omitted). Additionally, the District is subject to liability only where it is deliberately indifferent to "known acts of harassment in its programs or activities . . . that is so

severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Id.* at 633, 119 S. Ct. at 1666.

While a school district may be liable under Title IX for student-on-student harassment, the circumstances in which liability may be imposed are limited and school districts enjoy broad discretion in responding to student-on-student harassment. *Id.* at 646-49, 119 S. Ct. at 1673-74. Courts should not "second-guess[] the disciplinary decisions made by school administrators." *Id.* at 648, 119 S. Ct. at 1674. Victims of harassment are not entitled "to make particular remedial demands," and a school need not necessarily expel "every student accused of misconduct involving sexual overtones." *Id.* Summary judgment is appropriate in cases where a school district's response was not "clearly unreasonable in light of the known circumstances." *Id.* at 648, 119 S. Ct. at 1674 (stressing that the standard "is not a mere 'reasonableness' standard"); *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 141 (2d Cir. 1999) (cautioning against "transform[ing] every school disciplinary decision into a jury question").

Deliberate indifference is "a stringent standard of fault." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 780 (8th Cir. 2001). Here, Doe has not shown that the District was deliberately indifferent to the harassment she experienced. *See Davis*, 526 U.S. at 645, 119 S. Ct. at 1672 (holding that deliberate indifference at a minimum requires a school district to cause a victim to undergo harassment or make the victim vulnerable to it). Doe first informed the District of harassment after the male student called her a "bitch" and ran into her breast with his upper arm. The Court is mindful that the response of school administrators to student misconduct is tempered and informed by the reality that "students are still learning how to interact appropriately with their peers." *Id.* at 651, 119 S. Ct. at 1675. Lawrence issued a disciplinary referral to Balloun, and Balloun promptly

6

counseled the male student regarding his conduct. The Court cannot say that the District's response was clearly unreasonable upon learning that a ninth-grade male student used a demeaning word against a female student and ran into her breast with his upper arm while playing kick ball.

Doe says that the District had adequate notice of the male student's danger based on his disciplinary record and therefore should be liable for the second incident. Doe points to an undated disciplinary referral, wherein the male student was referred to Balloun after a female student (other than Doe) complained that he was "trying to touch her inappropriately." Document #42-12. The referral goes on to say that the male student said that "he would sometimes hit her on the arm in art" and that he promised to stop. *Id.* Doe says that this incident happened "likely before" the kick ball incident. Document #49 at 5. The only evidence of the date of this other incident is Balloun's recollection in his deposition. There, he said that he did not know when the incident took place. Document #42-2 at 8. Doe also says that the District knew of other instances where the male student inappropriately touched Doe because after counseling the male student after the first incident, Balloun noted that the inappropriate touching "evidently has happened several times." *Id.* Conversely, Doe testified unambiguously that she had no incidents prior to the kick ball incident with the male student. Document #14-5 at 56-57.

Even considering these other disciplinary incidents, the District was not on notice that the male student would force himself on Doe and sexually assault her in the way that she alleges. The District's response to the first incident was not deliberate indifference causing the second incident. The District took action after the first incident. While Doe contends that the action should have been more severe, Doe could survive summary judgment only if the District could be vicariously liable for the male student's conduct or liable under a negligence standard. *Cf. Shrum*, 249 F.3d at 778

7

(explaining that the purpose of the "stringent" deliberate indifference standard is to prevent liability "collapsing into state tort law or into respondeat superior liability").

The question remains whether the District's response to the second incident was deliberately indifferent to Doe. Immediately after Doe reported the assault, Lawrence issued a disciplinary referral of the male student to Balloun. Lawrence also saw to it that Doe and the male student were separated. Lawrence discussed the incident with the teacher and instructed her "about keeping a light on, or making sure there was a lamp that was a little bit brighter in the classroom." Document #14-11 at 17. Balloun confronted the male student with the school's police officer the day of the incident. Balloun also said that he "tried to pay particular attention, as it was warranted, to [the male student]" and Lawrence tried "to keep an eye on [Doe]" following the incident. Document #14-3 at 17. The Court will not second-guess these disciplinary decisions by the District. There were undoubtedly other options available to the District, perhaps even more prudent ones, but the District is not subject to liability for failing to take the most reasonable course of action or even for responding negligently.

The District is also not subject to liability here because it was not deliberately indifferent to harassment that was "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *See Davis*, 526 U.S. at 650, 119 S. Ct. at 1675. Doe suffered two isolated incidents of harassment separated by a period of a year in her ninth- and tenth-grade years. In the wake of the District's response to the second incident, Doe had no further interactions with the male student, suffered no further harassment, and graduated on time with an improved grade point average. Doe was not effectively denied access to an educational opportunity or benefit. Neither Title IX nor section 1983

8

imposes liability on the District under these facts. Private actions, such as this one, are limited "to cases having a systemic effect on educational programs or activities." *Id.* at 653, 119 S. Ct. at 1676.

## CONCLUSION

For the foregoing reasons, the District's motion for summary judgment is GRANTED. Document #28. The District's motion to exclude Doe's expert and Doe's motion to exclude the District's expert are DENIED AS MOOT. Document #31 and Document #38.

IT IS SO ORDERED this 9th day of August, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE